IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
CLARKSBURG DIVISION

| | |
|---|---|
| REGENERON PHARMACEUTICALS, INC., <br><br> Plaintiff, <br><br> v. <br><br> MYLAN PHARMACEUTICALS INC., <br><br> Defendant. | Civil Action No. 1:22-cv-00061-TSK |

**STIPULATED SUPPLEMENTAL PROTECTIVE ORDER**

WHEREAS, the Parties in the above-referenced action filed a Stipulated Protective Order, entered on November 2, 2022, ECF No. 91 (the "Protective Order");

WHEREAS, Plaintiff Regeneron Pharmaceuticals, Inc. ("Regeneron") has subpoenaed ("Regeneron Subpoena") and seeks documents that include or incorporate extremely sensitive and highly confidential and proprietary trade secret information from certain third parties ("Third Party"); and

WHEREAS, Regeneron and Defendant Mylan Pharmaceuticals Inc. ("Mylan") (each a "Party" and collectively the "Parties") hereby agree and stipulate to this Supplemental Protective Order which includes additional provisions to further protect against misuse or disclosure of such third party sensitive and highly confidential and proprietary trade secret information;

The Parties hereby stipulate and the Court orders as follows:

1. The Protective Order is incorporated by reference as if fully set forth and reproduced herein.

## II. DEFINITIONS

2. As used in this Supplemental Protective Order, these additional terms have the following meaning:

    (a) "CONTROLLED HIGHLY CONFIDENTIAL INFORMATION" means any Disclosure responsive to a Regeneron Subpoena where such Disclosure contains extremely sensitive and highly confidential and proprietary trade secret information deserving even further limitation on its production than OUTSIDE COUNSEL'S EYES ONLY Disclosures. The designation CONTROLLED HIGHLY CONFIDENTIAL INFORMATION may be abbreviated as "CHCI" or "CHCI Disclosure."

## III. CONTROLLED HIGHLY CONFIDENTIAL INFORMATION Disclosures.

3. A Third Party that is a Producing Party in response to a Regeneron Subpoena may designate as CHCI any Disclosure being furnished, including during any appeal(s) therefrom or any remands thereto, in accordance with this Supplemental Protective Order.

4. In addition to the protections set forth in this Supplemental Protective Order, CHCI Disclosures shall be subject to all of the protections afforded to OUTSIDE COUNSEL'S EYES ONLY Disclosures. To the extent there are any conflicts, the provisions set forth in this Supplemental Protective Order shall control.

5. CHCI Disclosures may be disclosed only to the individuals to whom OUTSIDE COUNSEL'S EYES ONLY Disclosures may be disclosed, as set forth in Paragraph 7 of the Protective Order, except for Qualified Persons identified in Subparagraph (c) of Paragraph 6 of the Protective Order; Qualified Persons under Paragraph 7(c) may not receive CHCI Disclosures. In addition, no more than three (3) Qualified Persons for each Party identified in Subparagraph (h) of Paragraph 6 of the Protective Order may receive CHCI Disclosures. Both Regeneron and Mylan

shall be considered a Receiving Party of any information produced by a Third Party pursuant to any Regeneron Subpoena.

6. CHCI Disclosures shall be limited to three copies per side, *e.g.*, to Outside Counsel of each Party.  CHCI Disclosures shall be produced only on photocopy-proof paper.  No additional copies, notes, or any other written record reciting any of the specific content or information set forth in any CHCI Disclosures shall be made, except that the copies themselves may be used as exhibits for depositions, trial, expert reports, and/or filings in connection with this Action and except that the parties' expert reports may include portion(s) reciting the specific content or information set forth in any CHCI Disclosures (such portions shall themselves be designated CHCI Disclosures and shall be limited to three copies per side and produced only on photocopy-proof paper).  Material reflecting CHCI Disclosures, where such materials cannot be used to derive any of the specific content or information set forth in any CHCI Disclosures, shall be treated as OUTSIDE COUNSEL'S EYES ONLY Disclosures.

7. Testimony from any depositions or portions of any depositions taken in this Action that involves the disclosure of information designated as CHCI shall be designated as CHCI, including during the 10-day period following receipt of the transcript identified in Paragraph 14 of the November 2, 2022 Protective Order.  The deposition of any witness (or any portion of such deposition) that involves the disclosure of information designated as CHCI shall be taken only in the presence of persons who are qualified to have access to such information pursuant to this Supplemental Protective Order.  Persons other than the witness, the court reporter, the persons qualified to have access to information designated as CHCI pursuant to this Supplemental Protective Order, and counsel for the witness (if a Third Party witness) must not be present during any portion of a deposition that involves the disclosure of such information.  The failure of

individuals other than those specified in the previous sentence to leave the deposition room during any portion of the deposition which inquires into matters designated as CHCI shall constitute justification for counsel to instruct the witness that he or she shall not answer the question(s) posed.

8. If information designated as CHCI is to be filed with this Court in connection with any proceeding in this Action, it shall be filed under seal in accordance with the provisions of Northern District of West Virginia Local Rule 26.05(b) or such other Order as may be made by the Court. All such documents so filed shall be released from confidential treatment only upon further order of the Court. If information designated as CHCI is to be filed in any appeal in connection with this Action, it shall be filed under seal.

9. During any portion of any hearing or trial in which CHCI is to be published or discussed, the courtroom shall be closed to the public, and persons not authorized to have access to information designated as CHCI shall, not including the jury, be asked to leave the courtroom when such information is discussed or published. CHCI hearing or trial exhibits and portions of trial or hearing transcripts reciting any specific content or information set forth in any CHCI shall be sealed. The confidentiality of evidence not published in open court during any hearing or trial is not waived.

10. Even after final disposition of this Action, the confidentiality obligations imposed by this Supplemental Protective Order shall remain in effect until the Producing Party agrees otherwise in writing or a court order otherwise directs. "Final Disposition" shall be deemed to be the later of (1) dismissal of all claims, counterclaims, and defenses in this action, with or without prejudice; and (2) final judgment herein after the completion and exhaustion of all appeals, rehearings, remands, trials, or reviews of this action, including the expiration of any time limits for filing any motions or applications for extension of time pursuant to applicable law.

**IV.	Disposition of CONTROLLED HIGHLY CONFIDENTIAL INFORMATION Disclosures upon Conclusion of this Action.**

11.	Within sixty (60) calendar days of the Final Disposition of this Action (including any appeals or the expiration of the period during which an appeal may be sought), each Party, including its counsel (including Outside Counsel), agents, and experts, shall either destroy or return to the Producing Party all CHCI Disclosures.  Each Party shall provide a certification as to such return or destruction within the 60-day period.  Though Outside Counsel may retain all documents and things that contain or reflect their attorney work product, all correspondence, all pleadings, all deposition transcripts, all expert reports, all deposition, hearing and trial exhibits, and all court-filed documents, to the extent documents and things recite (in whole or in part) CHCI Disclosures, those portions of documents and things that recite (in whole or in part) CHCI Disclosures must be destroyed or redacted within sixty (60) days of the Final Disposition of this Action..  Accordingly, within sixty (60) days of the Final Disposition of this Action, no one shall retain any CHCI Disclosures or Documents reciting (in whole or in part) CHCI Disclosures.

12.	The procedures of Paragraph 13 likewise shall apply to the handling of CHCI Disclosures by a Receiving Party who ceases to be a Party to this Action, so that such a Party is not entitled to retain CHCI Disclosures through Final Disposition of the Action if it ceases to be a Party prior to that date.  Such a Party shall complete the requirements of Paragraph 13 within sixty (60) days following an order dismissing it from the case.

13.	Within sixty (60) days following the Final Disposition of this Action, the Parties must remove any CHCI documents or materials from the office of the Clerk of Court.  Following that 60-day period, the Clerk of Court shall destroy all other materials at the Court's discretion.

## **ORDER**

Based on the foregoing stipulation, and good cause appearing therefore, **IT IS SO ORDERED** this 27th day of January, 2023.

_____
United States District Judge