IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
CLARKSBURG DIVISION

REGENERON PHARMACEUTICALS, INC.,

      Plaintiff,

v.                                                                    Case No. 1:22-cv-00061-TSK

MYLAN PHARMACEUTICALS INC.,

      Defendant.

---

**MEMORANDUM OF LAW IN SUPPORT OF NONPARTY AMGEN INC.'S MOTION
TO INTERVENE FOR THE LIMITED PURPOSE OF ASSERTING THE PUBLIC
INTEREST IN ACCESS TO JUDICIAL RECORDS**

---

Nonparty Amgen Inc. ("Movant"), by and through its undersigned counsel, hereby submits this Memorandum in Support of its "Motion to Intervene for the Limited Purpose of Asserting the Public Interest in Access to Judicial Records," and seeks to intervene in this action pursuant to Fed. R. Civ. P. 24(b) for the limited purpose of unsealing certain judicial records (or portions thereof) currently unavailable to the public, in accordance with the public's First Amendment and common law rights.  In support of this Motion, the Movant states as follows:

INTRODUCTION

**I.**    **The Parties**

Plaintiff Regeneron Pharmaceuticals, Inc. ("Regeneron") developed and sells Eylea® (aflibercept) – a treatment for certain eye diseases.  Defendant Mylan Pharmaceuticals Inc. ("Mylan") is seeking FDA approval under the Biologics Price Competition and Innovation Act ("BPCIA"), 42 U.S.C. §§ 262(k)-(l), to commercialize "M710," a proposed biosimilar of Eylea. Regeneron initiated this action ("Action") seeking a judgment of patent infringement against Mylan to prevent M710 from coming to market and competing with Eylea.  On April 20, 2023, the

parties filed motions for summary judgment.  A 10-day bench trial is scheduled to begin on June 12, 2023.

## II.    The Movant

Movant, one of the world's leading biopharmaceutical companies, is a corporation organized and existing under the laws of the State of Delaware, with its principal place of business at One Amgen Center Drive, Thousand Oaks, California 91320.  Movant's biosimilar business is committed to building on Amgen's experience in the development, manufacture, and distribution of biological medicines.

Movant has devoted considerable effort to developing a proposed biosimilar of Eylea, which is currently designated "ABP 938."  For example, Movant has completed the primary analysis of a randomized, double-blind, active controlled Phase III study evaluating the efficacy and safety of ABP 938 compared with Eylea.  The final analysis is expected to be completed by June 2023.

## III.    The Parties' Sealing Practices

During the course of the Action, the parties have filed numerous documents under seal. But, for the most part, the docket sheet does not list motions to seal with titles explaining what documents the party seeks to seal and the public cannot access the actual motions or pleadings: the motion and number where those pleadings or motions should be listed are absent from the docket sheet.[1]  For example, ECF Nos. 106, 119, 122, 133, 135, 146, 173, 174, 226, 228, 246, 261, 286, 301, 305, 307, 309, 311, 313, 314, 322, 324, 335, 336, 337, 339, 342, 352, 353, 356, 357, 360, 375, 377, 389, 391, 392, 403, 410, 430, 440, 441, 443, 445, 448, 449, 454, 455, 463, 466, 467, 469, 470, 471, 472, 473, 474, 476, 477, 478, 479, 480 and 482 have been omitted from the

---

[1] The docket sheet for this Action is attached as Exhibit A.

2

docket sheet.  The only place some of these submissions can be found is in the descriptions of orders granting various motions to seal.  *See* ECF at Nos. 132, 134, 136, 185, 186, 227, 251, 263, 308, 310, 312, 334, 336, 338, 355, 359, 390, 405, 409, 411 and 464.  Other orders state "SEALED," but do not identify in the description what is being sealed or what motion is being granted.  *See* ECF at Nos. 297, 298, 351, 361, 368, 376, 431, 442, 444, 462, 465 and 468.  Moreover, each order granting the numerous motions to seal is itself sealed.  Consequently, in general, no determination can be made as to what was sealed or the justification for sealing it.

The docket sheet does identify a few documents that the parties requested to be sealed or that were sealed:

- Regeneron requested that subpoenas to third-parties that supplied materials to Mylan be sealed.  *See* ECF at Nos. 107, 120.
- Mylan requested that its Opening Claim Construction Brief be sealed.  *See* ECF at No. 123.
- Mylan's Responsive Claim Construction Brief, and the exhibits attached thereto, were sealed in their entireties.  *See* ECF at No. 187.
- Regeneron's Responsive Claim Construction Brief, and the exhibits attached thereto, were sealed in their entireties.  *See* ECF at No. 188.
- Mylan's Response in Opposition to Regeneron's Motion for Judgment on the Pleadings as to Mylan's Inequitable Conduct Defenses and Counterclaims and the exhibits attached thereto were sealed in their entireties.  *See* ECF at No. 252.
- Mylan's Motion to Strike Plaintiff's Unauthorized Reply Brief on Claim Construction Issues or, Alternatively, for Leave to File Response, and the exhibits attached thereto, were sealed in their entireties.  *See* ECF at No. 264.
- Regeneron's Motion for Presumption Under 35 U.S.C. § 295 and the exhibits attached thereto, were sealed in their entireties.  *See* ECF at No. 299.[2]
- Mylan's Memorandum in support of its motion for summary judgment, and the exhibits attached thereto, were sealed in their entireties.  *See* ECF at No. 429.

But no order justifying sealing these documents is available for review.  Moreover, the parties have not filed redacted versions of these documents in the public record.

---

[2] On May 12, 2023, pursuant to Regeneron's Motion (ECF 438), the Court denied Regeneron's Motion for Presumption as moot.  *See* ECF 456.  Nonetheless, Regeneron's Motion for Presumption and the exhibits attached thereto remain sealed.

## ARGUMENT

### I.   <u>Movant's Limited Intervention is Proper Under Fed. R. Civ. P. 24(b)</u>

The Court should permit Movant to intervene in this action to assert the public's right of access to these judicial proceedings.  Permissive intervention under Fed. R. Civ. P. 24(b) is the appropriate method for a nonparty to assert the public's right to access to judicial proceedings and seek access to protected or sealed documents.  *See In re Grand Jury Subpoena*, 836 F.2d 1468, 1470 (4th Cir. 1988); *Kirby v. Res-Care, Inc.*, 596 F. Supp. 3d 588, 592 (S.D.W. Va. 2022) ("[P]ermissive intervention is an appropriate method for a nonparty to seek access to protected or sealed documents."); *see also Grove Fresh Distributors, Inc. v. Everfresh Juice Co.*, 24 F.3d 893, 896 (7th Cir. 1994) ("[I]ntervention is the procedurally appropriate course for third-party challenges to protective orders.").

"It is well settled that the public and press have a qualified right of access to [judicial documents and records] filed in civil and criminal proceedings."  *Doe v. Public Citizen*, 749 F.3d 246, 265 (4th Cir. 2014).  Consistent with that well-settled principle, the Fourth Circuit has held that "the press has standing to intervene in actions in which it is not otherwise a party to seek review of a district court's order sealing documents and court records."  *Rosenfeld v. Montgomery Cty. Public Schs.*, 25 F.App'x 123, 131 (4th Cir. 2011); *see also Stone v. Univ of Md. Med. Sys. Corp.*, 855 F.2d 178, 180-181 (4th Cir. 1988); *Virginia Dep't of State Police v. Washington Post*, 386 F.3d 567, 572 (4th Cir. 2004).

The public's standing to intervene is no different than that of the media.  *Doe*, 749 F.3d at 263 ("We see no reason why the standing of news media to seek appellate review of a district court's sealing order should differ from that of a member of the general public."); *see also In re Greensboro News Co.*, 727 F.2d 1320, 1322 (4th Cir. 1984) (holding that the rights of access of the media "are co-extensive with and do not exceed those rights of members of the public in general").

As explained by the Seventh Circuit, "every court of appeals to consider the matter has come to the conclusion that Rule 24 is sufficiently broad-gauged to support a request for intervention for the purposes of challenging confidential orders." *Jessup v. Luther*, 227 F.3d 993, 997 (7th Cir. 2000); *see also Phenix Newspapers, Inc. v. U.S. Dist. Ct.*, 156 F.3d 940, 949 (9th Cir. 1998) (finding that it is well-established that nonparties have standing to intervene to gain public access to sealed court documents). The First Amendment's protections to judicial documents would be meaningless without the ability for nonparties to intervene to seek access to withheld documents. *See CBS Inc. v. Young*, 522 F.2d 234, 237-38 (6th Cir. 1975). Movant has standing to intervene as a member of the public.

Movant's motion for limited intervention is timely and will not unduly delay or prejudice the adjudication of the merits. Movant does not seek to adjust the case schedule or to participate in any aspect of the Action. Because access to judicial proceedings remains relevant even after a case ends, there is no particular time limit for a party to intervene for the limited purpose of seeking access to judicial proceedings. Courts, including the Third Circuit, "have allowed intervention by parties for the limited purpose of modifying a confidentiality or protective order even after the underlying dispute between the parties has been settled." *Pansy v. Borough of Stroudsburg*, 23 F.3d 772, 779 (3d Cir. 1994); *Kirby*, 596 F. Supp. at 592 (finding that intervention for the purpose of asserting the right of access "can be appropriate even after entry of a final judgment"). By seeking to litigate only an issue of access under the protective order, Movant would not disrupt this case on the merits. *Pansy*, 23 F.3d at 780.

For these reasons, Movant should be permitted to intervene under Rule 24(b).

II.     **The Extensive Sealing in This Action Is Inconsistent with the Public's Common Law and First Amendment Rights of Access to Courts**

"It is clear that the courts of this country recognize a general right to inspect and copy public records and documents." *Nixon v. Warner Commc'ns, Inc*., 435 U.S. 589, 597 (1978). "[D]ocuments filed with the court are 'judicial records' if they play a role in the adjudicative process, or adjudicate substantive rights." *In re Application of U.S. for an Order Pursuant to 18 U.S.C. Section 2703(d)*, 707 F.3d 283, 290 (4th Cir. 2013). Stated differently, documents filed with the objective of obtaining judicial action or relief constitute judicial records. *Id*. at 291. Of course, judicial orders constitute judicial records. *Id*. at 290. Pursuant to Local Rule of Civil Procedure 26.05(b), "[t]he rule requiring public inspection of Court documents is necessary to allow interested parties to judge the Court's work product in the cases assigned to it." N.D. W.Va. LR Civ. P. 26.05(b); *see also Columbus-America Discovery Group v. Atlantic Mut. Ins. Co*., 203 F.3d 291, 303 (4th Cir. 2000).

This right of public access to documents or materials filed in a district court is derived from two independent sources: the common law and the First Amendment. *Virginia Dep't of State Police*, 386 F.3d at 575. "While the common law presumption in favor of access attaches to all judicial records and documents, the First Amendment guarantee of access has been extended to particular judicial records and documents." *Stone*, 855 F.2d at 180. The First Amendment right of access to judicial records attaches if: "(1) 'the place and process have historically been open to the press and general public' and (2) 'public access plays a significant positive role in the functioning of the particular process in question.'" *Harper v. Elk Run Coal Co*., 2012 WL 1999429, at *4 (S.D. W.Va. June 12, 2012) (quoting *Press-Enterprises Co. v. Superior Court*, 478 U.S. 1, 8-9 (1986)). The Fourth Circuit has specifically found that the public's access to motions

6

for summary judgment and documents attached thereto is protected by the First Amendment. *Rushford v. New Yorker Magazine, Inc*., 846 F.2d 249, 253 (4th Cir. 1988).

For judicial records that are subject to First Amendment protections, there is a higher bar for restricting the public's right of access. *Virginia Dep't of State Police*, 386 F.3d at 575. A district court may restrict the First Amendment right "'only on the basis of a compelling governmental interest, and only if the denial is narrowly tailored to serve that interest.'" *Id*. (quoting *Stone*, 855 F.2d at 180). The party seeking to restrict access to judicial records bears the substantial burden of overcoming the First Amendment's protections by presenting specific reasons in support of their position. Conclusory assertions are insufficient to meet this burden. *Virginia Dep't of State Police*, 386 F.3d at 575.

In addressing the common law right of access, District Judge Gina M. Groh explained:

> The common law right of access applies to all judicial records that do not fall under the First Amendment's protection. *Id*. at 576. The common law "presumption of access, however, can be rebutted if countervailing interests heavily outweigh the public interest in access, and [t]he party seeking to overcome the presumption bears the burden of showing some significant interest that outweighs the presumption." *Id*. at 575 (quotation marks and citation omitted). The following factors are relevant to this balancing test: (1) "whether the records are sought for improper purposes, such as promoting public scandals or unfairly gaining a business advantage;" (2) "whether release would enhance the public's understanding of an important historical event; and" (3) "whether the public already has access to the information contained in the records.'" *Id*. (quotation marks and citation omitted). It is within the district court's discretion to decide whether to restrict the common law right of access. *See id*. The court should, however, exercise this discretion in light of the case's "relevant facts and circumstances." *Id*. (quotation marks and citation omitted).

*Patrick v. PHH Mortg. Corp*., 2014 U.S. Dist. LEXIS 190143 (N.D. W.Va. Apr. 30, 2014).

Whether access to a judicial record is subject to the protections of the First Amendment or simply the common law, said access "may be abrogated only in unusual circumstances."  *Stone*, 855 F.2d at 182; *see also* N.D. W.Va. LR Civ. P. 26.05(b) (stating that the rule requiring public access to judicial records "may be abrogated only in exceptional circumstances").  A district court considering a motion to seal must initially determine, as to each document, whether the judicial record is subject to First Amendment or the common law protections.  *Stone,* 855, F.2d at 181 ("The district court in this case ordered sealed the entire record without indicating exactly what that record contained. On remand, it must determine the source of the right of access with respect to each document sealed. Only then can it accurately weigh the competing interests at stake.").  Once the district court has ascertained the applicable standard to weigh competing interests, it must then weigh those interests in accordance with the following procedures:

> First, the district court must give the public adequate notice that the sealing of documents may be ordered. *In re Knight Publishing Co.*, 743 F.2d at 234. Second, the district court must provide interested persons "an opportunity to object to the request before the court ma[kes] its decision." *Id.* at 235. Third, if the district court decides to close a hearing or seal documents, "it must state its reasons on the record, supported by specific findings." *Id.* at 234. Finally, the court must state its reasons for rejecting alternatives to closure. *Id.* at 235.

*Rushford*, 846 F.2d at 253-254 (internal citations omitted) (quoting *In re Knight Publishing Co.*, 743 F.2d 231, 234-235 (4th Cir. 1984)).

### A.     The Public Was Not Given Adequate Notice Or An Opportunity To Object

Before a document is sealed, the public must be given notice and an opportunity to object to the sealing of a judicial record.  *Media Gen. Operations, Inc. v. Buchanan*, 417 S.E.2d 424, 429 (4th Cir. 2005).  The notice requirement may be met by placing a motion to seal on the docket

sheet[3]; however, notice must be given "reasonably in advance of deciding the issue." *Knight Publishing Co.*, 743 S.E.2d at 235.  In fact, the public has a First Amendment right to a civil action's docket sheet.  *Doe*, 749 F.3d at 270.  In the instant action, no notice was given as to the various motions to seal filed.  The motions are not identified on the docket sheet.  In fact, not only is there no description of a motion to seal located on the docket sheet, the numbers under which the motions should be listed are omitted.  *See* ECF at Nos. 106, 119, 122, 133, 135, 146, 173, 174, 226, 228, 246, 261, 286, 301, 305, 307, 309, 311, 313, 314, 322, 324, 335, 336, 337, 339, 342, 352, 353, 356, 357, 360, 375, 377, 389, 391, 392, 403, 410, 430, 440, 441, 443, 445, 448, 449, 454, 455, 463, 466, 467, 469, 470, 471, 472, 473, 474, 476, 477, 478, 479, 480 and 482 .  Some of the numbers for the unlisted motions can be found in the order granting the motion to seal; however, there is still no title given to the motion or description of what is being sealed.  *See* ECF at Nos. 132, 134, 136, 185, 186, 227, 251, 263, 308, 310, 312, 334, 336, 338, 355, 359, 390, 405, 409, 411 and 464.  Of course, by the time an order granting the motion to seal appears on the docket, there is no opportunity to object before the issue is decided.  Other motions to seal appear to have been granted without ever being identified beforehand.  *See* ECF at Nos. 297, 298, 351, 361, 368, 376, 431, 442, 444, 462, 465 and 468.

As the public was not given proper notice of the numerous motions to seal, the necessary procedural requirements were not met.

**B.     The Public Has No Access To Any Order Stating The Reasons For Sealing Judicial Records In This Matter**

The procedure required in *Knight Publishing Co.* dictates that the Court should provide reasons for sealing any documents, including with specific supporting findings.  Here, the public,

---

[3] *Patrick*, 2014 U.S. Dist. LEXIS 190143, at *6.

including Movant, cannot access any of the orders granting the various motions to seal or the facts supporting the Court's rulings.  As such, Movant is precluded from analyzing the documents sealed and the appropriateness of each determination.

### C.      The Public Received No Explanation As To Why Alternatives To Sealing The Various Documents Were Rejected

When a court considers a motion to seal judicial records, "a judicial officer 'must consider alternatives to sealing the documents' which may include giving the public access to some of the documents or releasing a redacted version of the documents that are the subject of the government's motion to seal."  *United States v. Appelbaum*, 707 F.3d 283, 294 (4th Cir. 2013) (quoting *Media Gen. Operations, Inc.*, 417 F.3d at 429 (internal citation omitted)); *see also Knight Publishing Co.*, 743 F.2d at 235 (holding that a district court must consider less restrictive alternatives to sealing and, if it elects to seal the document, then it must provide the reasons for rejecting such alternatives); N.D. W.Va. LR Civ. P. 26.05 ("Unless otherwise authorized by law, a motion to seal . . . shall be accompanied by a memorandum which contains . . . the reasons why sealing is necessary, including the reasons why alternatives to sealing, such as redaction, are inadequate . . . .").  Again, as there are no orders to review, the public does not know whether alternatives to sealing, such as redaction, were considered and, if so, why they were rejected.

### D.      Mere Allegations That Documents Contain Sensitive Business Information Do Not Justify Wholesale Restriction Of Access

Movant recognizes that the public access to judicial records and proceedings is not absolute and that an exception exists for commercially sensitive business information.  *Nixon v. Warner*, 435 U.S. at 598.  But a party seeking to restrict access to judicial records bears the burden of establishing that the records do in fact contain commercially sensitive business information.  If a party can make that showing, "sealing should be limited to only those portions necessary to prevent the disclosure of [sensitive business information]."  *Lifenet Health v. Lifecell Corp.*, 2015 U.S.

Dist. LEXIS 181315, at *4 (S.D. W.Va. Jan. 9, 2015) (quoting *Woven Elecs. Corp, v. Advance Group, Inc.*, 1991 U.S. App. LEXIS 14345, at *6 (4th Cir. Apr. 15, 1991)).  "Such a partial sealing strikes an appropriate balance between the public's right of access to judicial records and proceedings and the parties' legitimate interest in the protection of sensitive proprietary information." *Lifenet Health,* 2015 U.S. Dist. LEXIS 181315, at *5 (quoting *Woven Elecs. Corp,* 1991 U.S. App. LEXIS 14345, at *6).  Blanket sealing of the record is not appropriate.  *Lifenet Health,* 2015 U.S. Dist. LEXIS 181315, at *4.  Failure to narrowly tailor one's motion to seal so that it solely protects commercially sensitive business information should result in the denial of the motion to seal.  *Id*. at *6.

Movant assumes that Regeneron and Mylan will argue that at least some of the sealed documents contain commercially sensitive business information.  To be clear, Movant does not seek access to Regeneron's or Mylan's commercially sensitive business information.  But the public record does not demonstrate that the documents sealed by the Court at the request of Regeneron or Mylan contain commercially sensitive business information, or that the restriction imposed, *i.e.*, sealing of the documents, was narrowly tailored so that only such information is protected.

E.      **A Protective Order Does Not Shield Parties From Complying With The Fourth Circuit's Sealing Requirements**

The Parties stipulated to a protective order that the Court entered on November 2, 2022. ECF at No. 91.  Nonetheless, the Parties and Court are still obligated to comply with the Fourth Circuit's sealing requirements as set forth herein.  *In re C.R. Bard, Inc. Pelevic Repair System Prods. Liab. Litig.*, 2013 U.S. LEXIS 70189, at *21 (S.D. W.Va. May 17, 2013) (holding that even when the parties agree to the proposed redactions, the court is still required to assure that First Amendment protections to the right to access are properly weighed and considered); *see also Trs.*

*of Purdue Univ. v. Wolfspeed, Inc.*, 2023 U.S. Dist. LEXIS 60521, at *10 (M.D.N.C. Feb. 28, 2023). That the parties have entered into a protective order and redacted or sealed a document in accordance therewith thus does not relieve the parties or the Court from complying with the process for sealing documents set forth in *In re Knight Publishing Co.*

### F.     The Court Should At Least Unseal All Motions For Summary Judgment and Supporting Briefs and Exhibits; Claim Construction Briefs and Exhibits; and Any Other Dispositive Motions and Supporting Briefs and Exhibits

Access to dispositive motions, including motions for summary judgment and related briefs and documents attached thereto, are protected by the public's First Amendment right to access judicial records. *Rushford*, 846 F.2d at 253. Consequently, only a compelling government interest can warrant sealing these materials, and even if warranted, sealing must be narrowly tailored to serve the compelling interest. *Virginia Dep't of State Police*, 386 F.3d at 575.

Mylan filed a motion for summary judgment on April 20, 2023, with respect to four Regeneron patents. *See* ECF at No. 429. Although no motion to seal or order to seal can be found on the docket sheet, the motion says that Mylan filed a supporting memorandum under seal. *Id.* Shortly after Mylan filed its motion, Regeneron stipulated to summary judgment against it for certain claims of certain patents. *See* ECF at No. 433. Mylan's summary judgment brief and exhibits should be in the public record to afford the public access to a motion that led to resolution of certain claims in the case.

Likewise, any briefs concerning claim construction should be in the public record to afford the public access to the arguments the parties advanced concerning claim construction. The resolution of claim construction issues also led, in part, to Regeneron's agreement to stipulate to summary judgment for certain claims. *See* ECF at No. 433 (stipulating to summary judgment "under the Court's Claim Construction").

Further, Mylan's Answer, Defenses, and Counterclaims to Plaintiff's Complaint includes allegations that certain Regeneron patents are unenforceable due to Regeneron's inequitable conduct during prosecution before the U.S. Patent Office.  *See* ECF at No. 47.  On December 16, 2022, Regeneron filed a motion for judgment on the pleadings as to these inequitable conduct defenses and counterclaims.  *See* ECF at No. 175.  While the patent prosecution records are publicly available, Mylan's responsive brief and supporting exhibits were sealed in their entireties. *See* ECF at No. 252.  These materials should be unsealed, or at least a redacted version should be filed, to afford the public access to these potentially dispositive allegations.

## III.   **Requested Actions**

Movant respectfully requests that the Court take the following actions:

i.     Order that all summary judgment, claim construction, and inequitable conduct motions, briefs, and exhibits be filed in the public record, or that the parties file redacted versions of all such materials with redactions limited to information for which a compelling interest warrants sealing.

ii.    Add all previously filed motions to seal to the public docket sheet.

iii.   Add all previously filed sealing orders to the public docket sheet.

iv.    Review the current extent of sealing in light of the First Amendment and common law rights of the public.  If the Court decides that the parties' motions to seal do not satisfy the Fourth Circuit's requirements for sealing, in whole or in part, the sealing requests should be denied, and the filings (or the appropriate portions thereof) should be made available to the public.  If the Court decides that the parties' motions to seal satisfy the Fourth Circuit's requirements for sealing, in whole or in part, Movant respectfully requests that the Court provide public access to the reasons for sealing, including why alternatives to sealing, such as redaction, are inadequate.

v.     Require the parties to file motions to seal any additional filings that they seek to seal, in whole or in part.

vi.    Ensure that the public has in-person and/or remote access to the trial in the Action, and any associated hearings, exhibits, and testimony, except to the extent a party establishes entitlement to seal portions to protect commercially sensitive business information.

## CONCLUSION

For the aforesaid reasons, Nonparty Amgen Inc., respectfully requests that the Court grant this Motion to Intervene and take the requested actions set forth above.

**DATED:** May 23, 2023                               **AMGEN INC.**

By:      Hendrickson & Long, PLLC


/s/ John H. Tinney
John H. Tinney, Jr. (Bar No. 6970)
John K. Cecil (Bar No. 9511)
HENDRICKSON & LONG, PLLC
214 Capital Street
Charleston, West Virginia 25301
(304) 346-5500
jtinney@handl.com
jcecil@handl.com

14

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
CLARKSBURG DIVISION

REGENERON PHARMACEUTICALS, INC.,

     Plaintiff,

v.                                 Case No. 1:22-cv-00061-TSK

MYLAN PHARMACEUTICALS INC.,

     Defendant.

## CERTIFICATE OF SERVICE

I hereby certify that on this 23rd day of May, 2023, a copy of the foregoing pleading was filed with the Clerk of the Court using the CM/ECF system.  Notice of this filing will be sent by operation of the Court's electronic filing system to all parties registered to receive electronic notice.

/s/ John H. Tinney
John H. Tinney, Jr. (Bar No. 6970)
John K. Cecil (Bar No. 9511)
HENDRICKSON & LONG, PLLC
214 Capital Street
Charleston, West Virginia 25301
(304) 346-5500
jtinney@handl.com
jcecil@handl.com